IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| US LINES, LLC | § | |
| | § | |
| *vs*. | § | C.A. NO. H – 16 – 1385 |
| | § | ADMIRALTY |
| LAYNE CHRISTENSEN COMPANY | § | |

### *ORIGINAL COMPLAINT*

Plaintiff US Lines, LLC files this Original Complaint against Defendant Layne Christensen Company, *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1. This is a civil case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. Plaintiff is a Delaware limited liability company with its principal place of business in Newport Beach, California.

3. Plaintiff is, and at all relevant times was, the agent and/or representative of ANL Singapore Pte. Ltd. ("ANL"), a vessel operating common carrier doing business as ANL, and authorized to bring this action.

4. Plaintiff brings this action on its own behalf and as agent for ANL and/or any other party with an interest in the subject matter hereof.

5. On information and belief, Defendant is a Delaware corporation with its principal place of business in The Woodlands, Texas.

6. Defendant can be served by its registered agent for service, CT Corporation System, 350 North St. Paul Street, No. 2900, Dallas, Texas 75201.

7. On or about March 30, 2014, McMillan Drilling Ltd ("McMillan"), as shipper and pursuant to the stated and expressly incorporated terms and conditions of Waybill No. NZ4332502, entered into a contract of carriage with ANL to carry four 20' shipping containers said to contain drilling equipment aboard the M/V CAP PASADO from the Port of Auckland, New Zealand to the Port of Honolulu, and there deliver that cargo to Defendant as the consignee identified by McMillan in the waybill.

8. At all times material, ANL exclusively owned one of the four containers, No. TEMU3180787, and lent, leased or otherwise furnished it to McMillan for carriage of the cargo.

9. Pursuant to the terms and conditions of the contract of carriage and on or about April 9, 2014, Plaintiff timely and safely delivered, and Defendant retrieved from Plaintiff's custody at the Port of Honolulu, Container No. TEMU3180787.

10. Waybill No. NZ4332502 expressly states in pertinent part:

2

1. (DEFINITION)
In this Bill of Lading.

"Carrier" means ANL Singapore Pte Ltd trading as ANL.

.
.
.

"Merchant" includes the Shipper, Holder, Consignee, Freight Forwarder, receiver of the Goods, any Person owning or entitled to the possession of the goods or of this Bill of Lading and anyone acting on behalf of such Persons and where the context so requires means those persons jointly and severally.

"Container" means any container, flat, pallet or other form of cargo carrying unit or equipment referred to on the face hereof or in or on which any Goods may be unitised or otherwise packed or stowed either when received by the Carrier for carriage hereunder or at any subsequent time prior to delivery in accordance with Clause 19(3);

.
.
.

"place of delivery" means the Port of Discharge (Ocean Vessel) unless a Place of Delivery is nominated in the space provided for that purpose on the front hereof in which case "place of delivery" shall mean the Place of Delivery so nominated, subject however to Condition 6.

.
.
.

"Bill of Lading" means where the face of this document is described as "Bill of Lading", the Carrier's Bill of Lading including the terms and conditions of same; and where the face of this document is described as "Non Negotiable Sea Waybill" the term "Bill of Lading" herein means the Carrier's Non Negotiable Sea Waybill including the terms and conditions of same.

2. (CONTRACTING PARTIES)
In agreeing to and accepting the terms of this Bill of Lading the Shipper acts for himself and on behalf of each Merchant.  The Shipper Warrants to the Carrier that he is entitled and is duly authorised by every other person who owns or is entitled to possession of the Goods or this Bill of Lading to

3

agree to and accept this Bill of Lading and to deliver the Goods to the Carrier on the terms hereof. Without prejudice to the foregoing each Merchant who accepts this Bill of Lading from the Carrier or accepts endorsement or delivery hereof from the Shipper, Consignee or any other prior endorsee or holder or presents this Bill of Lading to the Carrier or receives delivery of any Goods from the Carrier hereunder by such action on his part accepts and shall be deemed to confirm, ratify and agree irrevocably with the Carrier to be bound by all of the stipulations, exceptions and conditions stated herein whether written, printed, stamped or otherwise incorporated on the front or back hereof including the provisions of the Carrier's applicable tariff which are referred to in Clause 21(3) and that the contract contained or evidenced herein shall be fully binding between the Carrier and such Merchant in all respects as though it had been made between them**. . . .**

.
.
.

11. (CARRIER'S CONTAINERS)

.
.
.

(4) The Merchant is responsible for returning the empty Container(s), in the same order and condition as lent, leased or howsoever otherwise furnished to the Shipper, his servants or agents, with interiors clean and in every respect fit for immediate reuse, to the point or place designated by the Carrier, his servants or agents within the time prescribed in the Carrier's tariff or elsewhere. If the Merchant fails to return the Container(s) within the time prescribed, the Merchant shall be liable for the payment of Container demurrage at the rates prescribed in the Carrier's tariff or elsewhere until the Container(s) is returned to the Carrier.

(5) Container(s) lent, leased or howsoever otherwise furnished to the Shipper, his servants or agents, for packing shall be returned to the Port of Loading or, in the case of Combined Transport, the Place of Receipt within the time prescribed in the Carrier's tariff or elsewhere. If the Shipper, his servants or agents, fail to return the Container(s) within the time prescribed, the Merchant shall be liable for the payment of Container demurrage at the rates prescribed in the Carrier's tariff or elsewhere until

the Container(s) is returned to the Carrier.

11. Under the provisions of Waybill No. NZ4332502 and/or ANL's published VOCC Tariff, expressly incorporated into Waybill No. NZ4332502, Defendant contractually was obligated to return Container No. TEMU3180787 to ANL and/or its agent at the Port of Honolulu before the expiration of free time on April 16, 2014 in order to avoid liability for assessment of *per diem* charges "on a straight calendar day basis until the equipment is returned." Defendant, however, failed and/or refused to return the container until November 13, 2014, 204 days after expiration of the applicable free time period. At the tariff's daily detention rate of $165, the total sum of all *per diem* charges assessed against Defendant and owed by Defendant to ANL is $33,660.

12. On or about November 21, 2014, November 25, 2014, December 2, 2014, December 11, 2014, December 15, 2014, January 26, 2015, February 4, 2015, May 28, 2015, June 5, 2015 and June 9, 2015, Plaintiff or its authorized agent presented Defendant with written demands for payment of the total amount owed.

13. To date, Defendant wholly has failed and/or refused to pay Plaintiff any part of the total amount owed.

14. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

### *Count 1 – Suit on Account and Breach of Contract*

15.     On or about March 30, 2014 and at the specific order of Defendant's shipper, and in consideration of promises by Defendant and its shipper timely to pay the complete prices referenced in ANL's Waybill No. NZ4332502ANL and/or its published VOCC Tariff, expressly incorporated therein, ANL sold and provided to Defendant on an open account ocean carriage and related container services. Defendant accepted those services and, in consideration of receiving those services, of which Plaintiff has kept a systematic record in the regular course of its business, Defendant promised and became legally obligated to pay ANL its agreed and designated container detention charges, which were assessed according to the terms of the parties' written agreement.

16.     This claim is just and true, it is due, and all just and lawful offsets, payments, and credits have been allowed.

17.     Contrary to its promises, and despite Plaintiff's written demands, Defendant refuses to pay the principal balance of the account due and owed, to Plaintiff's damage in the sum of $33,660.  That refusal constitutes Defendant's failure to pay an account and a breach of contract.

18.     It has become necessary for Plaintiff to employ the Houston law firm of Sharpe & Oliver, L.L.P. to recover the account. Plaintiff has agreed to pay a reasonable fee for legal services to recover the account.  Pursuant to §38.001(7) of the

Texas Civil Practice & Remedies Code, Plaintiff is entitled to recover from Defendant its reasonable and necessary attorney's fees.

19. Under §302.002 of the Texas Finance Code, Plaintiff also is entitled to recover from Defendant legal interest at the rate of six percent a year on the principal amount of the credit extended beginning on the 30th day after the date on which the amount was due.

### *Count 2 – Quantum Meruit*

20. Alternatively and without waiving the foregoing, (a) ANL furnished valuable services to Defendant, (b) Defendant accepted those services under such circumstances as reasonably notified Defendant that ANL, in furnishing those services, expected to be paid by Defendant, and (c) ANL's provision of those services were undertaken for Defendant, the entity sought by ANL to be charged.  If allowed to stand, Defendant's continued failure and/or refusal to pay ANL or Plaintiff for those services would constitute and result in an unjust enrichment to Defendant, as the entity benefited by receipt of those services.

21. To prevent Defendant's unjust enrichment, Plaintiff equitably and legally is entitled to recover from Defendant a monetary award constituting reasonable compensation for the services provided by ANL and accepted by Defendant.

WHEREFORE, PREMISES CONSIDERED, Plaintiff US Lines, LLC respectfully prays that this Honorable Court adjudge that Defendant Layne Christensen Company, *in personam*, is liable to Plaintiff for its damages, attorney's fees, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

        Respectfully submitted,

        *SHARPE & OLIVER, L.L.P.*

By _____

        Robert C. Oliver
        State Bar No. 15255700
        S. D. Texas No. 886
        5535 Memorial Drive, Suite F570
        Houston, Texas 77007
        Telephone:  (713) 864–2221
        Facsimile:  (713) 864–2228
        Email:  macknife@macknife.net

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

        ATTORNEYS  FOR  PLAINTIFF